UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARL SMITH,                                             CASE NO.: 3:11-cv-00543-MMH-JRK

    Plaintiff,

vs.

ROYAL OAK FINANCIAL SERVICES,
INC. d/b/a CRB, an Ohio corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, **CARL SMITH**, [hereinafter Plaintiff], by and through undersigned counsel, and files this Complaint against Defendant, **ROYAL OAK FINANCIAL SERVICES, INC. d/b/a CRB**, [hereinafter Defendant] and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant is a foreign corporation operating from an address of 5834 Monroe Street, Ste. A-142, Sylvania, Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6). CRB may be served as follows: Royal Oak Financial Services, Inc. c/o Domininic J. Spinazze, Agent for Service of Process, 5470 South Main Street, Ste. 300, Sylvania, Ohio 43560.

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a Brooks and Association account. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

7. Plaintiff received three collection phone calls before September 17, 2010. On or about September 2010, Plaintiff contacted attorney Robert V. Duss. Attorney Duss mailed a cease and desist letter informing the Defendant that Plaintiff was represented by counsel (See Exhibit A).

8. Despite being informed that Plaintiff was represented by counsel, Defendant continued to contact Plaintiff through March 2011. Defendant's mother answered one of the

collection calls and was told by Defendant's representative that Defendant would "ruin her credit because Plaintiff had not paid his bills." Plaintiff's mother became extremely upset and began to make several payments to the Defendant.

9. Defendant's representative, "Miss Klein," continued to make threatening phone calls, once four times in a single day, to Plaintiff's home and asked specifically to speak to the Plaintiff's mother, Mary Smith, who is not the account holder.

10. Defendant's representative threatened to have warrants issued for Plaintiff's arrest and to sue them in court if they did not pay the debts.

11. To date, neither the Plaintiff nor his mother has been served with a summons or complaint by the Defendant.

### *Summary*

12. All of the above-described collection actions and communications made to Plaintiffs by Defendant and its employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692d 1692e, 1692e(2), 1692e(4); 1692e(5); 1692e(10), and 1692f, amongst others, the FCCPA, including but not limited to Section 559.72(7), (8), and (9), and/or the FDUTPA.

13. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect the debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

14. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationship with a family member.

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other negative emotions, as well as unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

Plaintiff realleges as though fully restated herein paragraphs seven (7) through fifteen (15).

17. The foregoing acts of Defendant and their agents, which include engaging in conduct whose natural consequence is to harass, oppress or abuse, threatening to take action which could not legally be taken or that was not intended to be taken, and using unfair and/or unconscionable means to attempt to collect a debt constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
Section 559.55 et seq., Fla. Stat.**

Plaintiff realleges as though fully restated herein paragraphs seven (7) through fifteen (15).

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

- for an award of actual damages pursuant to Section 559.77 against the Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against the Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against each Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit reports; and

- for such other relief as this Court deems just and proper.

## COUNT III

**VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT**
**Section 501. et seq., Fla. Stat.**

Plaintiff realleges as though fully restated herein paragraphs seven (7) through fifteen (15).

18. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendants in the attempted co collection of debt.

19. At all times relevant to this Complaint, Defendant was engaged in the business of debt collection.

20. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

21. In engaging in the conduct more specifically described in the Factual Allegations above, Defendant committed deceptive and unfair trade practices in connection with attempting to collect a debt.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

- for an award of actual damages pursuant to Section 501.211 against the Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against the Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and for such other relief as this Court deems just and proper.

ROBERT L. CORSE, P.A.

_____
Robert L. Corse, Esquire
Florida Bar No.0338893
Jennifer McCarthy, Esquire
Florida Bar No. 0086793
233 East Bay Street, Suite 920
Jacksonville, Florida  32202-3456
Telephone: (904) 634-1701
Fax:  (904) 634-1507
robertcorse@bellsouth.net
Attorneys for Plaintiff

LAW OFFICES
# TAYLOR, STEWART, HOUSTON, & DUSS, P.A.
1050 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204

CARL M. STEWART
CLARENCE H. HOUSTON, JR.
ROBERT V. DUSS
JOHN W. MOOERS
WALTER F. ROGERS, JR.
OF COUNSEL
JAMES S. TAYLOR
1929 - 2009

September 17, 2010

TELEPHONE
(904) 354-9000
Ext. 236
TELECOPIER
(904) 354-8860

rduss@tshd-law.com

CRB
5834 Monroe Street
Suite A-142
Sylvania, OH 43560-2267

RE: Your File No. Carl Smith - 250466
Original Creditor: Brooks & Associates
Our File No. 3523.337

Dear Sirs:

I represent Carl Smith, the alleged debtor in the above referred to file number. The original creditor was Brooks & Associates and the most recent amount due is $481.61. Mr. Smith advises me that your company has been threatening him and family members with respect to the collection of this debt.

Under Florida Chapter 559, Part VI, Consumer Collection Practices, your conduct is definitely prohibited and demand is made that you cease and desist from harassing Mr. Smith or any member of his family. In addition, Florida Statute 559.715 provides that if there is an assignment of collection rights on consumer debts, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. Please furnish evidence that you complied with that provision. In addition, Florida Statute 559.565 requires that out-of-state consumer debt collectors must register and are subject to an administration of a fine not to exceed $1,000 together with reasonable attorneys' fees if the agency has failed to register under the law.

Once again, demand is made that you cease and desist in engaging in any unlawful practices under Florida law, and that you forthwith cease and desist from communicating with Mr. Smith and/or his family members concerning this alleged debt.

Sincerely,

Robert V. Duss

RVD:bas

cc: Carl Smith

**EXHIBIT A**