**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARL SMITH,

                Plaintiff,

vs.                                 Case No. 3:11-cv-543-J-34JRK

ROYAL OAK FINANCIAL SERVICES, INC.,
an Ohio corporation doing business as
CRB,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Amended Motion for Entry of Default Final Judgment and Award of Attorney's Fees and Costs (Doc. No. 25; "Amended Motion"), filed May 14, 2012.[2] In support of the relief requested, Plaintiff filed three documents. See Memorandum of Law in Support of Default Final Judgment (Doc. No. 18; "Memorandum"); Affidavit of Military Service (Doc. No. 19); Affidavit of Plaintiff Carl Smith (Doc. No. 20). Attached to the Memorandum are two affidavits: (1) Affidavit of Attorney's Fees (Doc. No. 18-1); and (2) Affidavit of Attorney as to Costs (Doc. No. 18-2).[3]

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[2]     Plaintiff certifies that a copy of the Amended Motion was mailed to Defendant on May 14, 2012. See Am. Motion at 2.

[3]     As explained in more detail herein, Plaintiff originally sought the entry of default judgment against Defendant on February 1, 2012. See Motion for Entry of Default Final Judgment and Award of Attorney's Fees and Costs (Doc. No. 17; "First Motion"). In support of the First Motion,
(continued...)

In the Amended Motion, Plaintiff seeks a default judgment against Defendant because Defendant has failed to timely answer or otherwise appear in this matter. Am. Motion at 1. Plaintiff also requests statutory damages in the amount of $2000, "plus costs and the award of attorney's fees pursuant to 15 U.S.C. [§] 1692k." Id. at 1-2.

## I. Background

On May 27, 2011, Plaintiff initiated this cause by filing the Complaint (Doc. No. 1), which was subsequently amended on July 5, 2011, see Amended Complaint and Demand for Jury Trial (Doc. No. 6; "Amended Complaint").[4] The three-count Amended Complaint raises claims under the Fair Debt Collection Practices Act ("FDCPA"), Florida's Consumer Collection Practices Act ("FCCPA"), and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Am. Compl. at 4-7. On August 3, 2011, service was perfected on Defendant. See Proof of Service (Doc. No. 9), filed November 29, 2011. As Defendant failed to file an answer or otherwise appear in this matter, Plaintiff filed a Motion for Default (Doc. No. 13) on December 6, 2011. On December 21, 2011, the Clerk of Court entered default against Defendant. See Entry of Default (Doc. No. 14).

Because Plaintiff failed to take any further action, on January 17, 2012, an Order to Show Cause (Doc. No. 15) was entered, directing Plaintiff to show cause why the claims

---

[3](...continued)
Plaintiff filed the above-listed documentation. Thereafter, the Amended Motion was filed. Plaintiff informed the Court that he "is of the belief that the Memorandum of Law previously filed in support of the Default Final Judgment is still relevant . . . ." Plaintiff's Response to Order for Clarification (Doc. No. 24; "Response"), filed May 14, 2012. Therefore, the documents filed in support of the First Motion are considered also in support of the Amended Motion.

[4] All references to page numbers on the Amended Complaint are to the page numbers assigned by the Court's Electronic Case Filing system.

raised against Defendant should not be dismissed for failure to prosecute by seeking a default judgment. Plaintiff filed a Response to the Court's Order to Show Cause (Doc. No. 16) on January 31, 2012. Then, on February 1, 2012, Plaintiff's First Motion was filed. Defendant was directed to file a response to the First Motion by March 1, 2012, Order (Doc. No. 22), but that date passed with no response being filed. Nevertheless, after reviewing the First Motion, the Court identified three concerns which required clarification. See Order (Doc. No. 23), entered May 4, 2012. To address those concerns, Plaintiff filed the Response and the Amended Motion. Although directed to do so, see Order (Doc. No. 26), and being provided with adequate time, Defendant has not filed a response to the Amended Motion or otherwise appeared.

Before discussing the substantive merits of the Amended Motion, one of Plaintiff's representations made in the Response must be addressed. As noted above, the Amended Complaint raises three counts, including one count pursuant to the FDUTPA. See Am. Compl. at 4-7. In the Response, however, Plaintiff advises the Court that he "withdraws any claims related to the FDUTPA." Response at 1. Accordingly, the undersigned recommends that count three of the Amended Complaint be dismissed upon proper filing of a notice of dismissal pursuant to Rule 41(a)(1)(A), Federal Rules of Civil Procedure ("Rule(s)").

## II. Discussion

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[5] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

### A. Subject Matter Jurisdiction and Personal Jurisdiction

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) for Plaintiff's FDCPA claim, and pursuant to 28 U.S.C. § 1367 for Plaintiff's pendent state law claim under the FCCPA. "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs [courts] to look to the state long-arm statute in order to determine the existence of personal jurisdiction." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-27 (11th Cir. 1996). If the state long-arm statute provides a basis for personal jurisdiction, the analysis then shifts to the determination of "whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'" Id. at 626 (citing Robinson v.

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) and quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)).

Here, by claiming "Defendant[] transact[s] business here," Am. Compl. at 1, it appears Plaintiff alleges that personal jurisdiction is proper under Florida's long-arm statute, see Fla. Stat. § 48.193 (stating that any person "[o]perating, conducting, engaging in, or carrying on a business . . . in this state" subjects himself or herself to the jurisdiction of the state). A review of the Amended Complaint reveals well-pleaded factual allegations showing Defendant conducted business in Florida. For example, Plaintiff, a natural person residing in Florida, alleges that Defendant, a foreign corporation and debt collector, repeatedly placed threatening phone calls to Plaintiff and Plaintiff's mother in an attempt to collect a debt, even after Plaintiff advised Defendant he had an attorney. Am. Compl. at 2-3. Plaintiff goes on to explain the circumstances surrounding some of the phone calls, as well as some of the statements Defendant allegedly made during such calls. See id. Taking all well-pleaded factual allegations as true, see Nishimatsu Const. Co., 515 F.2d at 1206, the undersigned finds the exercise of personal jurisdiction over Defendant is appropriate in this matter.

**B. Factual Allegations in Plaintiff's Amended Complaint**

Because the Court has subject matter and personal jurisdiction, the next step in the analysis is to determine whether the factual allegations in Plaintiff's Amended Complaint raise a viable claim for relief. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). Particularly, "[t]he FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection

with a debt, and it requires that collectors make certain disclosures." Acosta v. Campbell, 309 F. App'x 315, 319 (11th Cir. 2009) (unpublished) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f). To raise a viable cause of action under the FDCPA, a plaintiff must allege he or she "is the object of collection activity arising from consumer debt; [the d]efendant is a debt collector as defined by the FDCPA; [and the d]efendant has engaged in an act or omission prohibited by the FDCPA." Selby v. Christian Nicholas & Assocs., Inc., No. 3:09-cv-121-J-34JRK, 2010 WL 745748, at *2 (citing McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)). The FCCPA is the state counterpart of the FDCPA and requires similar allegations. See Fla. Stat. § 559.77(5) (stating "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal [FDCPA]"); see also Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 839 (11th Cir. 2010).

As to the FDCPA, Plaintiff claims Defendant violated the following provisions:

(1) communicating in connection with the collection of any debt, with any person other than the consumer, 15 U.S.C. § 1692c(b);

(2) engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, 15 U.S.C. § 1692d;

(3) us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt, including,

[t]he false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2);

[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action

is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. § 1692e(4);

[t]he threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5);

[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and
(4) us[ing] unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

See Am. Compl. at 3.

As to the FCCPA, Plaintiff claims Defendant violated the following sections:

(1) [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, Fla. Stat. § 559.72(7);

(2) [u]se profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family, Fla. Stat. § 559.72(8); and

(3) [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist, Fla. Stat. § 559.72(9).

See Am. Compl. at 3.

Plaintiff contends that he is a natural person who meets the definition of a "consumer" and that Defendant is a "debt collector" as those terms are defined in the FDCPA and the FCCPA. Id. at 2. Plaintiff asserts he incurred a "debt," which debt was subsequently transferred to Defendant, and Defendant attempted to collect on the debt. Id. According to Plaintiff, Defendant placed three collections calls to Plaintiff prior to September 17, 2010. Id. Plaintiff obtained the assistance of an attorney who sent a cease and desist letter to

Defendant sometime in September 2010. Id.; see id. at 8. After the letter was sent to Defendant, Defendant continued to contact Plaintiff and Plaintiff's mother through March 2011. Id. at 2-3. During one of the phone calls, Defendant allegedly told Plaintiff's mother that Defendant would "ruin her credit because Plaintiff had not paid his bills." Id. at 3. Plaintiff also alleges that in a single day, Defendant placed four phone calls to Plaintiff. Id. At times, Defendant's representative, "Miss Klein," apparently "asked specifically to speak to the Plaintiff's mother, Mary Smith, who is not the account holder." Id. Defendant also allegedly threatened Plaintiff by telling him Defendant would "have warrants issued for Plaintiff's arrest," and by telling Plaintiff that Defendant would initiate a lawsuit against him. Id. "To date, neither the Plaintiff nor his mother has been served with a summons or complaint by the Defendant." Id. Plaintiff claims that Defendant's actions have caused him emotional distress and "unnecessary personal strain in his relationship with a family member." Id. at 4.

Upon review, it appears that the allegations contained in the Amended Complaint, which are deemed admitted upon Defendant's default, are sufficient to establish a viable claim for relief and that Plaintiff is entitled to entry of a default judgment.

### C. Damages

Before entering a default judgment, however, the court must also determine whether a hearing is necessary to decide the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). When the essential evidence regarding damages is before the court, a hearing on damages may be

unnecessary.  See Smyth, 420 F.3d at 1232 n.13.  Here, although Plaintiff claims statutory damages and actual damages in the Amended Complaint, Am. Compl. at 4-5, Plaintiff only seeks an award of statutory damages in the Amended Motion, Am. Motion at 1-2.[6] Specifically, Plaintiff requests $1000 in statutory damages pursuant to 15 U.S.C. § 1692k (FDCPA), and $1000 in statutory damages pursuant to Florida Statutes section 559.55 (FCCPA).  Am. Compl. at 4-5; see also Am. Motion at 1-2.  Because the damages sought here are capable of mathematical calculation, there is no need for a hearing.  See United Artists Corp., 605 F.2d at 857; Smyth, 420 F.3d at 1232 n.13.

As to statutory damages, the FDCPA instructs courts to "consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).  In the instant case, the nature and extent of Defendant's actions warrant the maximum award of statutory damages.  See Selby, 2010 WL 745748, at *3 (awarding $1000 in statutory damages based on the defendant's repeated improper actions

---

[6] Plaintiff claims he "has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment . . . ."  Am. Compl. at 4.  As noted, Plaintiff does not request an award of actual damages in the Amended Motion; however, even if Plaintiff made such a request, an award of actual damages would not be justified here, because Plaintiff has not demonstrated any specific monetary loss.  See Zachloul v. Fair Debt Collections & Outsourcing, No. 8:09-cv-128-T-27MAP, 2010 WL 1730789, at *4 n.6 (M.D. Fla. Mar. 19, 2010) (Report and Recommendation), adopted, 2010 WL 1727459, at *1 (M.D. Fla. Apr. 27, 2010) (unpublished) (observing that "several courts within this district have recognized that compensation for emotional distress is considered a form of actual damages under the FDCPA, [however,] they have declined to award actual damages") (citing Rodriguez v. Fla. First Fin. Grp., No. 6:06-cv-1678-Orl-28DAB, 2009 WL 535980, at *6 (M.D. Fla. Mar. 3, 2009) (unpublished) (refusing to award actual damages for emotional distress because it "did not result in hospitalizations or doctor visits, and [the p]laintiff did not miss work or suffer other lasting effects"); Montgomery v. Fla. First Fin. Grp., No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *9 (M.D. Fla. Aug. 12, 2008) (unpublished) (finding an award of actual damages not appropriate when the plaintiff "suffered some temporary loss of appetite, sleeplessness and worry"); Ugarte v. Sunset Const., Inc., No. 8:07-cv-735-T-23EAJ, 2008 WL 4723600, at *3 (M.D. Fla. Oct. 21, 2008) (unpublished) (declining to award actual damages for emotional distress when "no competent evidence" was submitted to prove the plaintiff's allegations)).

in violation of the FDCPA). Upon review of the well-pleaded allegations in the Amended Complaint, with specific consideration given to the frequency, persistence, and nature of the alleged violations, the undersigned finds that Plaintiff should be awarded a total of $2000 in statutory damages.

### D. Attorney's Fees and Costs

Finally, Plaintiff seeks an award of attorney's fees and costs. Am. Compl. at 5-7; Am. Motion at 2. Both the FDCPA and the FCCPA explicitly provide for an award of reasonable attorney's fees and costs. See 15 U.S.C. § 1692k(a)(3); Fla. Stat. § 559.77(2).

#### 1. Attorney's Fees

As to attorney's fees, Plaintiff seeks an award of $2940 for 19.6 hours expended working on this matter (which equates to $150 per hour). See Time Sheet (Doc. No. 25), at 3-5. To determine the amount of attorney's fees to which the prevailing party is entitled, a court engages in a two-part analysis. First, "the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (citing A.C.L.U. of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999); Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996)). Second, "the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." Dillard, 213 F.3d at 1353 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Here, after a default judgment is entered against Defendant, Plaintiff becomes the prevailing party and is therefore entitled to an award of reasonable attorney's fees.

### a. Reasonable Hourly Rate - Lodestar Amount

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). The "relevant legal community" for purposes of determining a reasonable hourly rate is "the place where the case is filed." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish . . . that the requested rate . . . [is] reasonable." Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1299). In the absence of "satisfactory evidence," the court may independently determine a reasonable hourly rate based upon "'its own knowledge and experience . . . either with or without the aid of witnesses as to value.'" Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940) (Sibley, J.)).

Here, Plaintiff's counsel indicates she is "an associate attorney" who "has the required skill and experience" to adequately represent Plaintiff in this case. Affidavit of Attorney's Fees (Doc. No. 18-1), at 1-2. A review of the case law from this District reflects that a reasonable hourly rate for an attorney ranges from $125 to $338. See Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-595-T-24TGW, 2011 WL 1527262, at *3 (M.D. Fla. Apr. 21, 2011) (concluding that reasonable hourly rates for attorneys, depending on the experience of each, ranged from $125 to $300 per hour); Renninger v. Phillips & Cohen Assocs., No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2010) (finding reasonable hourly rates of $270 per hour for attorneys with five and six years of experience and $338 per hour for an attorney with

sixteen years of experience); Myrick v. Distribution & Acquisition Network, No. 8:09-cv-1391-T-33TBM, 2010 WL 2179112, at *5 (M.D. Fla. Apr. 28, 2010) (finding $200 to $300 per hour to be a reasonable rate for an attorney to charge in a routine FDCPA case). Plaintiff's counsel requests an hourly rate of $150, which appears reasonable after considering counsel's skill, experience, and time expended on this matter, as well as the reasonable hourly rates awarded in this District.

### b. Reasonableness of Hours Expended

"The determination of reasonableness lies in the sound discretion of the trial court, and in calculating, the court should exclude excessive, unnecessary, and redundant hours, and also time spent litigating discrete and unsuccessful claims." Zachloul, 2010 WL 1730789, at *3 (citing Hensley, 461 U.S. at 434). When seeking attorney's fees, the party must submit "satisfactory evidence" to establish the reasonableness of the hours expended. Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1299); see also Barnes, 168 F.3d at 427 (requiring party seeking fees to provide "specific and detailed evidence from which the court can determine the reasonable hourly rate" and detailed records "set out with sufficient particularity"); Wendel v. USAA Cas. Ins. Co., No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451, at *3 (M.D. Fla. July 8, 2009) (concluding "[t]he court may discount a time entry when the description of the work performed is overly vague"); Simon v. Leaderscape, LLC, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008) (finding "[t]he party seeking the fees must keep meticulous, contemporaneous time records . . .") (internal quotations and citation omitted). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citing Blum, 465 U.S. at 896 n.11). The Time Sheet attached to

the Amended Motion reflects that Plaintiff's counsel spent 19.6 hours on this case. See Doc. No. 25 at 3-5. Upon review, the hours billed appear to have been reasonably expended.

Accordingly, taking the 19.6 hours spent multipled by an hourly rate of $150 totals $2940 in attorney's fees that should be awarded.

### 2. Costs

Finally, addressing Plaintiff's request for costs, the Affidavit of Attorney as to Costs (Doc. No. 18-2) sufficiently details the costs expended by Plaintiff in this action ($350 filing fee and $40 to effect service of process). The undersigned finds those costs totaling $390 are appropriate and should be awarded. See 15 U.S.C. § 1692k(a)(3); 28 U.S.C. § 1920.

### III. Conclusion

After thoroughly reviewing the file, including the Amended Complaint, the Amended Motion, and the Response, the undersigned is convinced that Plaintiff has met the requirements for entry of a default judgment against Defendant, and that Plaintiff is entitled to an award of statutory damages in the amount of $2000, attorney's fees in the amount of $2940, and costs in the amount of $390. Accordingly, it is

**RECOMMENDED:**

1. That the Amended Motion for Entry of Default Final Judgment and Award of Attorney's Fees and Costs (Doc. No. 25) be **GRANTED**.

2. That Plaintiff be awarded statutory damages in the amount of $2000, attorney's fees in the amount of $2940, and costs in the amount of $390.

3. That the Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant.

4. That in accordance with Plaintiff's representations in Plaintiff's Response to Order for Clarification (Doc. No. 24), count three of the Amended Complaint be dismissed upon proper filing of a notice of dismissal pursuant to Rule 41(a)(1)(A), Federal Rules of Civil Procedure.

5. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 18, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Royal Oak Financial Services, Inc. d/b/a CRB
c/o Dominic J. Spinazze
5470 South Main Street, Ste. 300
Sylvania, Ohio 43560